```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

ALBERT STEIN, Derivatively on   :
behalf of Nominal Defendant     :
General Electric Co.,           :
                                :
    Plaintiff,                  :
                                :
V.                              :   CASE NO. 3:09-CV-808 (RNC)
                                :
JEFFREY R. IMMELT, et al.,      :
                                :
    and                         :
                                :
GENERAL ELECTRIC CO.,           :
                                :
    Defendants.                 :
```

RULING AND ORDER

This is a shareholder derivative suit brought by plaintiff Albert Stein in the name of General Electric Company ("GE"), a nominal defendant, against numerous officers and directors of GE. The defendants have moved to transfer this suit to the Southern District of New York so it can be litigated along with seven prior-filed federal securities class actions involving the same underlying facts. Plaintiff opposes the motion but has failed to rebut the defendants' showing that the transfer would conserve judicial and litigant resources and serve the interests of justice. Accordingly, the defendants' motion is granted.[1]

I.   Background

Plaintiff, a citizen of Pennsylvania, brings this suit

---

[1] Defendants alternatively move to dismiss the action for failure to satisfy the demand requirement of Rule 23.1 of the Federal Rules of Civil Procedure. Because I grant the motion to transfer, I do not address the defendants' alternative argument.

against twenty-six current or former officers and directors of GE, a New York corporation with its principle place of business in Connecticut, alleging that the individual defendants have breached their fiduciary duty to the Company and its shareholders.  As the defendants note, the complaint is substantially similar to the complaint in one of the seven cases pending in the Southern District of New York, <u>City of Brockton Contrib. Ret. Sys. v. Gen. Elec. Co.</u>, No. 09 CIV 3787 (S.D.N.Y.).[2]  All seven of those actions have been consolidated before Judge Chin, and counsel for the City of Brockton have been designated as lead counsel for the plaintiffs.  <u>See</u> <u>In re Gen. Elec. Sec. Litig.</u>, No. 09 Civ. 1951(DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009).

The <u>City of Brockton</u> complaint alleges false and misleading statements by GE, twenty-four of its officers and directors, and twenty-six underwriters beginning on September 25, 2008, and continuing through March 19, 2008, in press releases, public filings, a website statement and materials disseminated in connection with an October 2008 offering of GE Stock.  Twenty-

---

[2] The other six cases pending in the Southern District are <u>Christiansen v. Immelt</u>, No. 09 CIV 1951 (S.D.N.Y.) (filed March 3, 2009); <u>Morgan v. Gen. Elec. Co.</u>, No. 09 CIV 2084 (S.D.N.Y.) (filed March 6, 2009); <u>Pare v. Immelt</u>, No. 09 CIV 2566 (S.D.N.Y.) (filed March 19, 2009); <u>Klein v. Gen. Elec. Co.</u>, No. 09 CIV 2582 (S.D.N.Y.) (filed March 20, 2009); <u>Gupta v. Immelt</u>, No. 09 CIV 4130 (S.D.N.Y.) (filed Apr. 27, 2009); and <u>Watson v. Gen. Elec. Co.</u>, No 09 CIV 4152 (S.D.N.Y.) (filed Apr. 28, 2009).

four of the twenty-six individual defendants in the present action also are defendants in the City of Brockton action; both actions allege that GE misrepresented its financial condition (including the financial stability of GE Capital and GE's ability to pay a dividend) before, in connection with, and after the October 2008 offering of common stock; and each complaint alleges the same misrepresentations.

II.  Discussion

Under 28 U.S.C. § 1404(a), a civil action may be transferred to another district where the action could have been brought "[f]or the convenience of parties and witnesses, in the interest of justice."  In deciding whether to transfer the present action, the court must consider (1) the weight to be accorded plaintiff's choice of forum; (2) the locus of operative facts; (3) the convenience of the witnesses; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the convenience of the parties; (6) the relative means of the parties; (7) the location of relevant documents and ease of access to sources of proof;(8) the court's familiarity with governing law; and (9) trial efficiency and the interests of justice.  Charter Oak Fire Ins. Co. v. Broan-Nutone, L.L.C., 294 F. Supp. 2d 218, 219-20 (D. Conn. 2003).

The key factors in this case are the weight to be given the plaintiff's choice of forum, judicial efficiency and the

3

interests of justice.[3]  A plaintiff's choice of forum usually is accorded substantial weight.  The weight to be given this factor is considerably reduced in the present situation, however, because the plaintiff resides in Pennsylvania and, as a plaintiff in a derivative suit, he is just "one of many potential plaintiffs, all of whom could with equal show of right go into their many home courts."  <u>Baytree Capital Assocs., LLC v. Quan</u>, Nos. 08 Civ. 1602 (LLS), 08 Civ. 2480 (LLS), 2008 WL 1809606, at *6 (S.D.N.Y. 2008) (internal quotations omitted).  On the other hand, judicial efficiency and the interests of justice weigh heavily in favor of the requested transfer because "pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided."  <u>Wyndham Assocs. v. Bintliff</u>, 398 F.2d 614, 619 (2d Cir. 1968).

Plaintiff correctly points out that his causes of action differ from the causes of action in the securities class actions.

---

[3] The other factors are neutral or weigh slightly in favor of the requested transfer: the locus of operative facts is GE's headquarters in Fairfield, Connecticut, which is about halfway between Hartford and Manhattan; the offices of plaintiff's counsel are in Stamford, Connecticut, which is closer to Manhattan than Hartford; most of the defendants and their counsel live or work in Fairfield County or New York; there is no indication that any nonparty witness is beyond the 100 mile radius of either court's subpoena power; the location of relevant documents is neutral; and the substantive law that governs the claims in the present action is the law of New York.

But the breaches of fiduciary duty alleged here are based on the same statements at issue in the consolidated class actions.  A similar situation was presented in Goggins v. Alliance Capital Mgmt., L.P., 279 F. Supp. 2d 228 (S.D.N.Y. 2003), where a securities class action was transferred so it could be litigated along with a prior-filed shareholder derivative suit.  Transfer was warranted because the complaints in the two cases "allege[d] the same misrepresentations in public filings, relie[d] on the same alleged statement made by the Fund's portfolio manager and allege[d] the same unheeded 'red flags.'"  See id. at 234-35.  Given this overlap, "[c]oncerns over judicial efficiency outweigh[ed] all other factors" and were "dispositive of the issue."  Id.  The same is true here.

## II. Conclusion

Accordingly, defendants' motion to transfer is hereby granted.  The Clerk will transfer this action to the United States District Court for the Southern District of New York.

So ordered this 18th day of February 2010.

/s/RNC
Robert N. Chatigny
United States District Judge
